**In re TEFLON PRODUCTS LIABILITY LITIGATION**

**No. 1733.**

Judicial Panel on Multidistrict Litigation.

Feb. 21, 2006.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of fourteen actions pending, respectively, in the Central District of California, Southern District of California, District of Colorado, Southern District of Florida, Northern District of Illinois, Southern District of Iowa, District of Massachusetts, Eastern District of Michigan, Eastern District of Missouri, Southern District of New York, Northern District of Ohio, Eastern District of Pennsylvania, District of South Carolina, and Southern District of Texas as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28

---

* Judge Motz took no part in the decision of this matter.

**1.** The Panel has been notified of a related action in the District of New Jersey. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

U.S.C. § 1407, brought by plaintiffs in the Southern District of Florida action for coordinated or consolidated pretrial proceedings of these fourteen actions in the Southern District of Florida. No other plaintiffs responded to the motion; however, moving plaintiffs represent that plaintiffs in eleven other actions before the Panel support the motion for transfer.[2] Lone defendant E.I. du Pont de Nemours and Co. (DuPont) agrees with movants that transfer under Section 1407 is warranted, but suggests that transfer to one of three other districts—the Northern District of Illinois, Southern District of Iowa or Southern District of Texas—would be more appropriate. Moving plaintiffs support centralization in the Northern District of Illinois in the alternative, should the Panel decline to order centralization in the Southern District of Florida, but oppose centralization in either of the other fora suggested by DuPont.

On the basis of the papers filed and hearing session held, the Panel finds that these fourteen actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Iowa will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions are putative class actions that share allegations relating to Teflon,® which is manufactured by DuPont. Specifically, plaintiffs in all actions allege that cooking products coated with Teflon® can release potentially harmful substances that may be carcinogenic. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the range of locations of parties and putative class members in this docket and the geographic dispersal of the pending actions, an array of suitable transferee districts presents itself. We conclude that the Southern District of Iowa is an appropriate forum for this docket. This district, where an action is already pending, i) provides a geographically central location, ii) does not have any other multidistrict litigation dockets, and iii) enjoys general docket conditions permitting the Panel to effect the Section 1407 assignment to a court with the present resources to devote to the pretrial matters that this docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Iowa are transferred to the Southern District of Iowa and, with the consent of that court, assigned to the Honorable Ronald E. Longstaff for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1733—In re Teflon Products Liability Litigation*

### Central District of California

*Lisa Howe, et al. E.I. DuPont De Nemours & Co.*, C.A. No. 2:05–5488

### Southern District of California

*Jennifer Hardee v. E.I. DuPont De Nemours & Co.*, C.A. No. 3:05–1522

### District of Colorado

*Susan R. Yoshioka, et al. v. E.I. DuPont De Nemours & Co.*, C.A. No. 1:05–1440

---

**2.** According to moving plaintiffs, plaintiffs in the Southern District of California and Southern District of Iowa actions did not take a position on the motion.

*Southern District of Florida*

*Natalie Belmonte, et al. v. E.I. DuPont De Nemours & Co.*, C.A. No. 1:05–21921

*Northern District of Illinois*

*Sheldon B. Lyke, et al. v. E.I. DuPont De Nemours & Co.*, C.A. No. 1:05–4168

*Southern District of Iowa*

*Janet R. Luett, et al. v. E.I. DuPont De Nemours & Co.*, C.A. No. 4:05–422

*District of Massachusetts*

*Judy Levin v. E.I. DuPont De Nemours & Co.*, C.A. No. 1:05–11618

*Eastern District of Michigan*

*Constance A. Webb v. E.I. DuPont De Nemours & Co.*, C.A. No. 2:05–72923

*Eastern District of Missouri*

*Heath Hutchison, et al. v. E.I. DuPont De Nemours & Co.*, C.A. No. 4:05–1234

*Southern District of New York*

*Rosemarie Compitello, et al. v. E.I. DuPont De Nemours & Co.*, C.A. No. 1:05–6749

*Northern District of Ohio*

*Susan E. Schnur v. E.I. DuPont De Nemours & Co.*, C.A. No. 1:05–1818

*Eastern District of Pennsylvania*

*Kathleen Margay, et al. v. E.I. DuPont De Nemours & Co.*, C.A. No. 2:05–4049

*District of South Carolina*

*Melissa Lee Urch, et al. v. E.I. DuPont De Nemours & Co.*, C.A. No. 7:05–2438

*Southern District of Texas*

*Jerry Syntych, et al. v. E.I. DuPont De Nemours & Co.*, C.A. No. 4:05–2530